## HAVERHILL INSURANCE COMPANY v. PRESCOTT.

Where a writ appears to be indorsed, by having the name of a person written upon the back thereof as indorser, a motion to quash for the want of a sufficient indorsement cannot prevail.

In such case, if the defendant relies upon the fact that what appears to be the name of a person is not in fact so, or that such person is not an inhabitant of this State, or that his name was not placed upon the back of the writ by him or by his authority, or that he is not a responsible person, the supposed defect should be pleaded in abatement, so as to give the plaintiff an opportunity, by the proper replication, to raise an issue upon any traversable objection to the validity of the indorsement.

ASSUMPSIT, to recover of the defendants assessments upon their premium note given for a policy of insurance. The defendants were set up in the writ as "Edward P. Prescott and J. Harvey Philbrick, of Candia, in the county of Rockingham and State of New-Hampshire, now or formerly co-partners in business under the firm name and style of Prescott & Philbrick;" the plaintiffs as "the Haverhill Mutual Fire Insurance Company, a corporation established by the laws of the Commonwealth of Massachusetts, and having its usual place of business at Haverhill, in the county of Essex and Commonwealth of Massachusetts." On the back of the writ were the following indorsements : "Haverhill Mut. Fire Insurance Company v. Prescott & al." "Samuel Dudley, Agt." "Office of H. N. Merrill, Haverhill, Mass."; and there was no other indorsement thereon.

The attorneys for the defendants moved the court to quash the writ, because it was not indorsed in the manner required by our statute, which motion was overruled by the court. The defendants excepted, and filed this bill of exceptions, which was allowed by the court.

*A. Wood,* (with whom were *Kittredge & Merrill*) for the plaintiffs.

*Butters & Goodwin,* for the defendants.

Haverhill Insurance Company *v.* Prescott.

FOWLER, J. By the 17th section of chapter 182 of the Revised Statutes, [Comp. Laws 465] it is provided that " all original writs shall, before they are served, be indorsed on the back thereof by the plaintiff, his agent, or attorney, being an inhabitant of this State ; and if the plaintiff is not an inhabitant of this State, by some responsible person who is such inhabitant."

The present action was entered at the November term, 1858, of the Court of Common Pleas for this county, and at the subsequent April term, 1859, the defendants moved to quash the writ for the want of a sufficient indorsement. The court overruled the motion, and the defendants excepted. Is their exception well taken ? It seems to us clearly not.

It is not necessary to decide, in this case, whether a motion to quash, for the want of any indorsement apparent upon the writ itself, should be made at the first term, and within the first four days of that term, under the rule relating to pleas in abatement, on the ground that matters in abatement are to be taken advantage of in the same time by motion, as by plea, as has been contended by the counsel for the plaintiffs. Upon an inspection of the writ it appears that there is indorsed upon the back thereof the name of Samuel Dudley. It makes no difference that the letters, " Agt.," are added to that name, indicating that he claimed to be the agent of the plaintiffs, or of somebody else. If necessary, those letters would be held a mere matter of description, and he would be personally bound. *Pettengill* v. *M'Gregor*, 12 N. H. 179 ; *Woods* v. *Blodgett*, 15 N. H. 569 ; *Brackett* v. *Bartlett*, 19 N. H. 129.

The writ, then, having the name of Samuel Dudley written upon its back, was *primâ facie* well and sufficiently indorsed, and the motion to quash it was properly denied, as the court will abate an action, upon motion, only when the abatable defects are apparent upon the writ itself.

If the defendants relied upon the fact that Samuel Dudley was not the name of a person, that he was not an inhabitant of this State, that his name was not placed upon the back of the writ by himself, or by his authority, or that he was not a responsible person, they should have pleaded the supposed defect in abatement, so as to have given the plaintiffs an opportunity, by the proper replication, to have raised an issue upon any traversable objection to the indorsement. *Jacobs* v. *Mellen*, 14 Mass. 134; *Hawkes* v. *Inhabitants of Kennebunk*, 7 Mass. 461; *Purple* v. *Clark*, 5 Pick. 206.

The exceptions taken to the ruling of the court below must, therefore, be overruled, and the judgment of the court below, on the point in controversy, be affirmed.

*Exceptions overruled.*